SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.
Khalid Eltahir Mohamed, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the IJ’s decision where, as here, the BIA summarily adopted or affirmed the IJ’s decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73-79 (2d Cir.2004); Diallo v. INS, 232 F.3d 279, 287 (2d Cir. 2000).
The record supports the IJ’s observations that Mohamed’s testimony was confusing, difficult to follow, and contradictory. Specifically, Mohamed conflated the details of his alleged arrests in 1993 and 1995, and his forced military training. His testimony was inconsistent both internally and with his asylum application as to how long he was detained after each arrest, whether he received 27 lashings, and contracted appendicitis, during the 1993 or 1995 detention, and whether he was forced to undergo military training in 1995 or 1997. The detentions constituted Mohamed’s most probative evidence of persecution, and therefore the IJ properly faulted him for his inability to provide a consistent, coherent account of these events. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005); Jin Yu Lin v. U.S. Dep’t of Justice, 413 F.3d 188, 190-92 (2d Cir.2005). Moreover, the IJ properly drew an adverse inference from the sheer number of times Mohamed changed his testimony.
Mohamed admits that his testimony was “less than clear,” but argues that for this reason, the IJ erred in failing to give more weight to his documentary evidence, notably the country condition reports and affidavits from his father and an official in his political party. However, none of these documents shed any light on the portion of Mohamed’s testimony that was most in doubt: when and for how long he was arrested, and what happened during each detention. Moreover, the IJ noted that she “reviewed the documentary evidence,” and this Court has previously held that the weight afforded to documentary evidence “ ‘lies largely’ within the discretion of the IJ.” Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 164 (2d Cir.2006) (quoting Asociacion de Compositores y Editores de Musica Latinoamericana v. Copyright Royalty Tribunal, 854 F.2d 10, 13 (2d Cir.1988)).
*440 Mohamed further attempts to explain his patently inconsistent testimony by contending that he was confused during the hearing, but was consistent as to details if not as to dates. While the record arguably supports these contentions, the relevant inquiry is not whether there could be a plausible reason for testimonial inconsistencies, or whether they can be reconciled. See Zhou Yun Zhang, 386 F.3d at 77. The critical question is whether Mohamed “demonstrate[d] that a reasonable fact-finder would be compelled to credit his testimony,” and by his own admission, he has not done so. Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (Per Curiam). Therefore, the denial of asylum and withholding is upheld, and because Mohamed failed to raise the CAT claim before this Court, that claim is deemed waived. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).